CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| YVONNE R. HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00534 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJA, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Yvonne R. Hatcher, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant the SWVRJA.[1] (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In her complaint, Plaintiff alleges that on June 4, 2026, while at the SWVRJA's Duffield facility, she was walking in the sally port with someone named Robin Hann and an unknown male officer when she "tripped over the chain and fell."[2] (Compl. at 2, 4.) Plaintiff further alleges that, because of her fall, her glasses, "which cost [her] over $500[,] . . . flew off [her] face" and onto the concrete floor. (*Id.* at 4.) According to Plaintiff, Hann then removed Plaintiff's "shackles[,]" placed Plaintiff in a car, "picked up" a Rebecca Morris at the "Scott County Court[,]" and "transported" Plaintiff to the "Tazwell Jail" and then back to the Duffield facility. (*Id.*) Plaintiff alleges that, although she put in sick calls to be seen by a doctor,

[1] In naming this Defendant, the court understands Plaintiff to sue the Southwest Virginia Regional Jail Authority.

[2] Elsewhere in her complaint, Plaintiff alleges that she is 5 feet tall and that the "shackles" she was wearing at the time of her fall were "made for taller" people. (Compl. at 2.) Plaintiff also claims that, because of her fall, she injured her arm and ankle and that she knew at the time that her arm was broken. (*Id.*)

she did not receive any x-rays until two weeks later. (*Id.*) Plaintiff further alleges that she was charged for her medical care, which consisted of two doctor's visits and receiving ibuprofen and Tylenol. (*Id.*) According to Plaintiff, she was told that it was "company policy" to charge her for care. (*Id.*) Plaintiff also appears to complain about her conditions of confinement at the Duffield facility, particularly the facility's showers. (*See id.* at 4–5.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files her complaint *pro se*, the court construes the allegations in her favor liberally and should not dismiss her claim unless "it appears certain that [she] cannot prove any set of facts in support of [her] claim entitling [her] to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might

plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in her favor, Plaintiff has failed to allege facts that would show that any defendant violated her constitutional rights, and the court must therefore dismiss her claims.

As noted, Plaintiff has sued the SWVRJA. (*See* Compl. at 1.) But "a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a 'moving force' behind" an alleged deprivation of rights, which requires a showing that "the entity's official policy or custom must have played a part in the alleged violation of federal law." *Rabara v. SWVRJA*, No. 7:20-cv-00649, 2021 WL 149860, at *1 (W.D. Va. Jan. 15, 2021) (internal citations omitted). Plaintiff does not make any allegations against the SWVRJA in her complaint. (*See* Compl.) And the only potential official policy or custom Plaintiff mentions in her pleading is the "company policy" to charge her for medical care. (*See* Compl. at 4.) But such a policy, standing alone, does not violate the Constitution. *See Rudolph v. Jefferson Cnty. Jail/Sheriff Dep't*, No. 4:22-CV-491 PLC, 2022 WL 3081432, at *5 (E.D. Mo. Aug. 3, 2022) ("It

is constitutionally permissible for a detention center to charge a detainee the cost of medical care.") (citing *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 245 (1983)); *see also Holloway v. Magness*, 666 F.3d 1076, 1080 (8th Cir. 2012) ("The Constitution does not prohibit charging prisoners for essential prison services, at least in the absence of a showing that the result is a severe deprivation of a fundamental right."). Thus, as Plaintiff has failed to state an actionable claim against the SWVRJA, the court will dismiss her complaint.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE